# In the United States Court of Federal Claims

No. 19-926C
(Filed: March 26, 2020)

* * * * * * * * * * * * * * * * *

DANIEL D. CALLAHAN,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

* * * * * * * * * * * * * * * * * *

## ORDER

Plaintiff, Daniel Callahan, a 13-year Navy veteran, alleges that he is owed disability retirement benefits as a result of disabling conditions that he incurred primarily as the result of an on-duty automobile accident that happened in 2006. After pursuing treatment and being placed on limited duty status, he was administratively separated from service on August 9, 2013, after signing a waiver of Disability Evaluation System review and processing. He now alleges that that waiver was made under duress and claims that he ought to have been processed for a disability retirement as a result of a service-related injury. Plaintiff filed a complaint in this court seeking correction of his records to reflect a disability retirement on June 25, 2019. Defendant has moved to dismiss for lack of subject matter jurisdiction. After several extensions of time, that motion is fully briefed. Oral argument is unnecessary.

Defendant argues that the case is not ripe for judicial review because plaintiff's eligibility for retirement benefits has not yet been determined by a competent naval review board as is required for jurisdiction in this court. *See Chambers v. United States*, 417 F.3d 1218, 1225 (Fed. Cir. 2005). Not having sought disability processing before discharge, the first competent board would be the Board for Correction of Naval Records ("BCNR"). *See Friedman v. United States*, 310 F.2d 381, 392 (Ct. Cl. 1962).

Plaintiff responds that his case fits into the exception established in *Real v. United States*, in which the Federal Circuit provided that a claim for disability benefits accrues at discharge if the servicemember knew or should have known of his disabling condition prior to discharge. 906 F.2d 1557, 1562-63 (Fed. Cir. 1990). Having waived a Physical Evaluation Board at the time of discharge, plaintiff argues that his claim is ripe for adjudication now.[1] We disagree.

It is well settled that a claim for disability benefits must be heard by a competent military board prior to court review. *Chambers*, 417 F.3d at 1225. Congress entrusted the task of determining eligibility for such benefits in the first instance to the secretaries of the armed services who in turn delegate that authority to the review boards. *See Friedman*, 310 F.2d at 389 (applying 10 U.S.C. § 1201). Thus, the general rule is that a claim does not accrue until a competent board has heard it. *Chambers*, 417 F.3d at 1224. The Tucker Act then provides for judicial review of a board denial because of the monetary consequences, but that jurisdiction is contingent on the armed service involved having first made a decision on eligibility. *Id.*

The *Real* decision stands only for a limited statute of limitations exception in cases in which the service member knowingly waives disability review at discharge, which starts the clock running for purposes of 28 U.S.C. § 2501 (2012). 906 F.2d at 1563 (remanding the statute of limitations question). No court has construed *Real* as providing an exception to the exhaustion of administrative remedies required before the right to judicial review attaches. *See Evans v. United States*, 748 Fed. App'x 979, 983 (Fed. Cir. 2018) (confirming the rule in *Chambers* that this court lacks jurisdiction over disability retirement claims prior to review by a competent board).

The conclusion is thus inescapable that we lack jurisdiction to hear the claim before us. Likewise, we cannot entertain Mr. Callahan's alternative request that we remand to the BCNR and retain jurisdiction, because we have no jurisdiction to retain and thus no authority to remand. *See* 28 U.S.C. § 1491(a)(2) (2012) (granting remand authority only in cases within the jurisdiction of the court). Accordingly, the following is ordered:

1. Defendant's motion to dismiss (ECF No. 15) is granted.

---

[1] There is an inherent inconsistency between plaintiff's arguing, on the one hand, that his waiver of disability processing was a knowing waiver for purposes of claim accrual and his general allegation, on the other hand, that the waiver was the product of duress.

2. The Clerk of Court is directed to dismiss the complaint and enter judgment. No costs.

s/ Eric G. Bruggink  
ERIC G. BRUGGINK  
Senior Judge